This is an action of debt, on a replevin bond, given by the defendant and others, to replevy property levied on by Summers, a constable, under an original attachment sued out by Witherspoon against one Johnston. The jury found a verdict for the plaintiff, and a motion is made in arrest of judgment, for the several reasons offered. I shall only consider one of them, because, being of opinion with the defendant upon that, it is unnecessary to examine the others.
There is certainly some obscurity in the act of 1777, ch. 2, upon this subject. Section 28 directs that "When any estate shall be attached, it shall be lawful for the defendant to replevy the same by giving bond to the sheriff to appear at the court to which the attachment is returnable,and to abide by, perform, and satisfy the order and judgment of suchcourt." That is very different, it is true, from the condition of a bailbond; and in analogy to the phraseology of sections 47 and 82, relating to bonds for the prosecution of writs of error and appeals, it is argued that replevin securities are more than bail, and, like securities for an appeal, are liable, absolutely, to satisfy the judgment. I should perhaps think so, too, if the objects of the law were the same in (582) these cases. But they are very different. An attachment arises out of the necessity of the case, and is submitted for an actual personal *Page 420 
service of process. Both are intended to compel an appearance, and for no other purpose. If actually arrested, the defendant is discharged on bail. That is deemed a sufficient security for his appearance; and I cannot perceive a reason why more should be required in the case of an attachment. Construing those clauses of the act, therefore, according to the subject-matter, I should rather be of opinion that a replevin bond is intended to be a bail bond. But whatever difficulty might arise in the exposition of section 28 by confining ourselves to the consideration of that section alone is removed, I think, by taking the whole of the act of 1777 and statute of 1793, ch. 16, sec. 6, which is in pari materia. The bond spoken of in section 28 is that taken by the sheriff before the return of the process.
In section 33, which concerns the proceedings against persons residing out of the State, it is enacted that if the defendant appear, put inbail, etc., his estate shall be liberated and the garnishee discharged. And, by section 30, any person against whose estate an attachment hath issued, at any time before final judgment entered or writ of inquiry executed, upon giving special bail, to replevy, etc., may plead, etc. Now, it cannot be supposed that the Legislature could intend greater privileges to persons residing out of the State than to her own citizens; and yet to the former is expressly given the liberty of receiving their estate attached, upon giving bail. Nor, I think, could it be intended that if a defendant came forward as soon as the process was served, and replevied from the sheriff, his securities should become surety for the debts; but if he delayed replevying until the writ was returned, that his securities should then be only bail. Such a construction would create a difference where no good reason for a difference exists, and attribute to the Legislature a spirit of arbitrary legislation. But section 30 seems to be an express declaration that bail and replevin securities are the same. The words are herein used as convertible terms. "Upon giving special
(583) bail, to replevy," etc. This is also the case in act 1793, ch. 16, sec. 6, where replevin securities are called "persons entering themselves special bail or replevying property," etc. And so far from placing them in a worse situation than bail, this act was intended for their relief, by declaring them only liable for the value of the property attached, under certain circumstances; and it is observable from the preamble of the section that it was enacted on account of the construction placed on the former acts by the courts, and was, in all probability, the consequence of the judgment in Hightour v. Murray, decided at Halifax, in April, 1793, in which it was held that replevin securities were bail, and consequently liable for the whole debt, as bail. Since in the act of 1793, and sections 30 and 33 of the act of 1777, they are *Page 421 
called bail, and therefore are, so far as these sections go, to be treated as special bail, unless replevin securities, as mentioned in section 28, be also regarded as bail, enactments directly contradictory, upon the same subject and in the same statute, must be imputed to the Legislature.
The result follows that the judgment must be arrested; for if the defendant is bail, he cannot, by the express words of statute 1777, ch. 2, sec. 19, according to the uniform practice of the courts and the decision in Hunter v. Hill, 3 N.C. 223, be liable until a scire facias shall have been made known to him.
My opinion, therefore, is that judgment be arrested.
NOTE. — See Hightour v. Murray, 2 N.C. 21, and 1 Rev. Stat., ch. 6, sec. 10.
(584)